FILED

2018 FEB 15  PM 3:32

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JOHN CHRISTOPHER ROBERTS

CASE NO. 8:18cr75T35 AEP

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but not later than on or about July 19, 2017, and continuing through on or about the date of this Indictment, in the Middle District of Florida, and elsewhere, the defendant,

JOHN CHRISTOPHER ROBERTS,

did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to distribute a controlled substance. The violation involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 846 and 21 U.S.C. § 841(b)(1)(B).

## COUNT TWO

On or about July 19, 2017, in the Middle District of Florida, the defendant,

JOHN CHRISTOPHER ROBERTS,

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## COUNT THREE

On or about July 19, 2017, in the Middle District of Florida, the defendant,

JOHN CHRISTOPHER ROBERTS,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Larceny**, on or about May 4, 2017;
2. **Larceny**, on or about August 15, 2016;
3. **Possession of a Controlled Substance without a Prescription**, on or about August 15, 2016;
4. **Obtain Controlled Substance by Fraud**, on or about June 2, 2011;
5. **Possession of Oxycodone without a Prescription**, on or about June 2, 2011;

6. **Trafficking in Opium**, on or about June 2, 2011; and

7. **Trafficking in Hydromorphone**, on or about June 2, 2011;

did knowingly possess, in and affecting interstate commerce, firearms and ammunition, to wit: a Sig Sauer, model 238, .380 caliber pistol, a SCCY, model CPX-2, nine-millimeter caliber pistol, eleven rounds of Federal nine-millimeter ammunition, one round of GECO nine-millimeter ammunition, and eight rounds of PPU .380 caliber ammunition,

All in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT FOUR

On or about July 19, 2017, in the Middle District of Florida, the defendant,

JOHN CHRISTOPHER ROBERTS,

did knowingly possess a firearm in furtherance of a violation of 21 U.S.C. § 841(a)(1), as alleged in Count Two above, which allegations the Grand Jury reallege and incorporate by reference herein, a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States.

All in violation of 18 U.S.C. § 924(c).

## FORFEITURE

1. The allegations contained in Counts One through Four are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. §§ 846 or 841(a)(1), as alleged in Counts One and Two, respectively, the defendant, JOHN CHRISTOPHER ROBERTS, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all of his right, title and interest in:

   a. any property constituting, or derived from, any proceeds defendants obtained, directly or indirectly, as a result of such violation; and

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of the violation of 18 U.S.C. § 922(g) charged in Count Three and/or the violation of 18 U.S.C. § 924(c) charged in Count Four, defendant, JOHN CHRISTOPHER ROBERTS, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in either violation.

4. The property to be forfeited includes, but is not limited to, a Sig Sauer, model 238, .380 caliber pistol, a SCCY, model CPX-2, nine-millimeter

caliber pistol, eleven rounds of Federal nine-millimeter ammunition, one round of GECO nine-millimeter ammunition, and eight rounds of PPU .380 caliber ammunition.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Mike Gordon
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

John Christopher Roberts

## INDICTMENT

Violations:  21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)

A true bill,

_Amy R Whicker_
Foreperson

Filed in open court this 15th day of February 2018.

_____
Clerk

Bail $_____